STATE of Minnesota, Respondent,

v.

Kevin Dean FABER, Appellant.

No. CX–83–246.

Supreme Court of Minnesota.

Feb. 10, 1984.

Robert J. Zohlmann, Zohlmann & Weil, Willmar, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., David L. Valentini, Sp. Asst. Attys. Gen., St. Paul, Michael Lynch, Kandiyohi County Atty., Willmar, for respondent.

YETKA, Justice.

This is an appeal from a judgment of conviction of the gross misdemeanor offense of aggravated driving while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1 (1982). The conviction was based on a conditional guilty plea, which reserved defendant's right to appeal the denial of his motion to suppress his blood test results on fourth amendment grounds.

As we held in *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980), the Rules of Criminal Procedure do not recognize the conditional guilty plea. We stated in *Lothenbach* that a defendant may properly circumvent this "ban" by entering a plea of not guilty, waiving his right to a jury trial, and then stipulating to the state's case. 296 N.W.2d at 857. However, in the interest of judicial economy, we will put substance over form in this case, and as in *Lothenbach,* will allow the appeal rather than remand for withdrawal of the guilty plea.

Addressing the issue raised by the appeal, we hold that the trial court properly denied the motion to suppress. The stop of defendant's motor vehicle was a valid stop for a headlights violation. *State v. McKinley,* 305 Minn. 297, 232 N.W.2d 906 (1975). Contrary to what defendant argues, the record does not establish that the stop was a pretext designed to allow the officer to determine whether defendant was under the influence of alcohol. In any event, under the "objective approach" adopted by the United States Supreme Court and followed by this court, a stop must be upheld if there was a valid objective basis for it. *Scott v. United States,* 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 *reh'g. denied,* 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978); *State v. Pleas,* 329 N.W.2d 329 (Minn.1983). Here, the headlights violation provided a valid objective basis for the stop. Having made a legal stop, the officer was justified in requiring defendant to get out of the vehicle. *Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). It was then that the officer made the observations of defendant's condition that gave him probable cause to arrest defendant for driving while under the influence.

Affirmed.