**STATE of Minnesota, Respondent,**

v.

**Lucille Barbara McDONNELL,
Appellant.**

**No. C4–83–1943.**

Court of Appeals of Minnesota.

Aug. 28, 1984.

Hubert H. Humphrey, Atty. Gen., Jerry Anderson, Sp. Asst. Atty. Gen., St. Paul, Richard S. Roberts, Wheaton City Atty., Wheaton, for respondent.

C. Paul Jones, Minn. State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY, and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant, Lucille B. McDonnell, appeals her conviction for driving while under the influence (D.W.I.). It was her second offense within five years and a gross misdemeanor under Minn.Stat. § 169.121, subd. 1(a) and subd. 3(a) (1982). She claims her arrest was illegal because the offense was not committed in the presence of the arresting officer. We agree and reverse.

## FACTS

Officer Kenneth Amann, a part-time police officer on patrol July 3, 1983 for the City of Wheaton, heard the squealing of tires. He drove toward the noise and about one and one-half blocks away observed a vehicle parked partially in a gasoline station driveway. The motor was not running and the keys were not in the ignition. He did not see who was driving.

Amann observed two persons, whom he recognized as Darwin Scherer and appellant, standing outside of the car arguing. When Amann approached, Scherer told him appellant was "driving around town like crazy." Amann smelled alcohol on Scherer's breath and determined appellant was under the influence based on her breath, her profanity and her belligerence.

Amann asked appellant for the keys and appellant told him she "threw them so that Darwin couldn't get them." Amann radioed for assistance and Officer Chester Bigelow responded. When Bigelow arrived, appellant was in the driver's seat of the car and Scherer was talking to Officer Amann.

Bigelow ordered appellant out of her car and asked her to get into the squad car. Appellant was taken to the police station. There, Bigelow administered a preliminary screening test three times and appellant failed each time. She was then read her *Miranda* rights and the implied consent warning. Appellant participated in field tests, which were video-taped, and failed. She admitted she was driving the car carelessly and had three or four drinks in the past hour as well some beer earlier. A breathalyzer test resulted in a reading of .14.

At trial the State introduced the results of the breathalyzer test and the video-taped field tests and admissions by appellant. The jury convicted appellant of driving while under the influence.

## ISSUE

Did the trial court err in ruling appellant's D.W.I. arrest was legal because the offense was committed in the presence of the arresting officer?

## ANALYSIS

This case is controlled by prior decisions of our court.

1. The State's claim that appellant was not arrested when she was taken in a squad car to the police station for testing is governed by *Eveslage v. Commissioner of Public Safety,* 353 N.W.2d 623, 626 (Minn.Ct. App.1984), where we quoted at length from *State v. Lohnes,* 344 N.W.2d 605, 610 (Minn. 1984). Quite clearly appellant was arrested prior to the request for testing at the station. *See* Minn.Stat. § 629.30 (1982). The State's contention appellant was arrested after she failed the preliminary screening test at the station is not supported by the record.

2. The lawfulness of appellant's arrest is critical because, under these circumstances, a lawful arrest for a violation of Minn.Stat. § 169.121 was required before appellant had to submit to chemical testing. *See* Minn.Stat. § 169.123, subd. 2 (1982). In addition, a warrantless arrest for a misdemeanor may be made only for an offense committed in the officer's presence. *State Department of Public Safety v. Rice,* 323 N.W.2d 74, 75 n. 1 (Minn.1982); *see* Minn.Stat. § 629.34, subd. 1 (1982). The in-presence requirement of Minn.Stat. § 629.34 also applies to arrests for gross misdemeanors. *State v. Miller,* 290 Minn. 33, 37, 185 N.W.2d 872, 874–75 (1971).

The State argues the in-presence requirement was met based on 1) Scherer's statement that appellant had been driving; 2) appellant's statement that she had the keys but had tossed them so Scherer could not get them; 3) appellant was found by Bigelow sitting in the driver's seat of the car; and 4) appellant's admission to the police at the station she had been driving recklessly.

These reasons are inadequate. Scherer's statement to the police is insufficient. *State v. Jensen,* 351 N.W.2d 29, 32 (Minn.Ct.App.1984) indicates information obtained by one police officer can be imputed to another police officer to satisfy the presence requirement, but that information from a third party cannot be so imputed. Appellant's assertion she tossed the keys is not an implied admission she had been driving. It could as easily be interpreted as a statement that Scherer had been driving. That appellant was found in the driver's seat of the car by Bigelow is meaningless since she was initially observed by the first officer outside the car. Neither officer ever observed appellant in physical control of the car. Finally, appellant's statement at the police station cannot justify the arrest since it was made after she had already been placed under arrest.

Since the offenses were not committed in the presence of the arresting officer, the officers should have obtained an arrest warrant or located a citizen who was in a position to make a citizen's arrest. *See Able v. Commissioner of Public Safety,* 352 N.W.2d 518, 520 (Minn.Ct.App.1984). Alternatively, a preliminary breath test could have been given at the scene. If appellant failed the test, appellant could then have been taken to the police station for chemical testing. *State Department of Public Safety v. Juncewski,* 308 N.W.2d 316, 321 (Minn.1981). However, it appears the preliminary breath testing equipment was only available at the police station.

3. The breathalyzer results and video-taped field test are the fruit of the illegal arrest. The trial court erred in admitting this evidence. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Further, nothing in the implied consent law justifies the admission of the evidence. The breath test was administered in violation of Minn.Stat. § 169.-123, subd. 2 since appellant was not lawfully arrested for D.W.I. Appellant was not involved in an accident or collision resulting in property damage, personal injury or death, did not refuse the preliminary screening test, and no preliminary screening test was administered and failed prior to the arrest.

4. We note the 1984 legislative amendments to the D.W.I. statute now provide for a warrantless misdemeanor arrest for driving under the influence without regard to whether the offense was committed in the arresting officer's presence. 1984 Minn.Laws ch. 622, § 6. Thus, this matter

may have been decided differently if the 1984 legislative changes had been effective.

## DECISION

Appellant was illegally arrested for D.W.I. because the offense was not committed in the presence of the arresting officer. The trial court erred in admitting the evidence obtained as a result of the illegal arrest.

Reversed.