Ronald W. NOHRE, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C5–84–858.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Kenneth G. Treinen, Jr., Bloomington, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order of the trial court sustaining the revocation of the appellant's driving privileges pursuant to Minn.Stat. § 169.123 (Supp.1983). We affirm.

## FACTS

On February 14, 1984 at approximately one o'clock in the morning, Officer Boe of the City of Prior Lake Police Department, while seated in his squad car on Main Avenue in Prior Lake, observed the appellant, Ronald Nohre, drive south on Main Avenue, make a U-turn and come to a halt in front of the B & D Bar. As Officer Boe watched, the appellant stepped out of his car, took a few steps towards the centerline of the road, and urinated.

Officer Boe left his squad car, identified himself and asked the appellant to come over and talk with him. The appellant did not respond, but walked quickly into the B & D Bar. Officer Boe followed the appellant inside and found him seated at the bar without any glasses or bottles in front of him. The officer twice requested that the appellant follow him outside, and finally escorted him out the door. As they were leaving the bar, Officer Boe noted that the appellant was swaying or staggering from side to side, and at one point the appellant grabbed the railing that led from the bar down to the street.

Officer Boe led the appellant to his squad car to investigate the circumstances surrounding what he believed to have been disorderly conduct. While the appellant was seated in the vehicle, Officer Boe smelled the strong odor of alcohol on his breath, observed that his eyes were glassy and bloodshot or red, and noted that his speech was slow and slurred. Believing that the appellant had been driving while under the influence of alcohol, Officer Boe

arrested him and read him the implied consent advisory. When the appellant refused to submit to chemical testing, he was issued a notice and order of driver's license revocation. After a hearing the trial court sustained the revocation of the appellant's license.

## ISSUES

1. Whether the investigatory stop of the appellant violated his constitutional rights.

2. Whether there was probable cause to arrest the appellant for driving while intoxicated even though Officer Boe did not observe any erratic or other unusual driving behavior.

## ANALYSIS

1. *Investigatory stop.*

■ In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) the United States Supreme Court enunciated the standard for investigatory stops:

[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.

*Terry,* 392 U.S. at 21, 88 S.Ct. at 1880 (footnote omitted). A reasonable intrusion into the affairs of a citizen is justified by the government's interest in crime prevention and control:

One general interest is of course that of effective crime prevention and detection; it is this interest which underlies the recognition that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.

*Id.* at 22, 88 S.Ct. at 1880.

■ In the present situation Officer Boe observed the appellant urinating in the middle of the road—conduct which he believed to be in violation of a state disorderly conduct statute. Although he did not charge the appellant under that statute, his description of the appellant's conduct constituted sufficient "specific and articulable facts" to justify his investigation of the situation.

2. *Probable cause.*

■ Minn.Stat. § 169.123 subd. 2(a) (Supp.1983) provides in relevant part:

Any person who drives, operates, or is in physical control of a motor vehicle within this state consents, subject to the provisions of this section and section 169.121, to a chemical test of his blood, breath, or urine for the purpose of determining the presence of alcohol or a controlled substance. The test shall be administered at the direction of a peace officer. The test may be required of a person when an officer has reasonable and probable grounds to believe the person was driving, operating, or in physical control of a motor vehicle in violation of section 169.-121 [the DWI statute] and one of the following conditions exist: (1) the person has been lawfully placed under arrest for violation of section 169.121, or an ordinance in conformity with it * * *

"Reasonable and probable grounds" to believe a person has been driving while under the influence of alcohol has been equated with the term "probable cause." *State v. Olson,* 342 N.W.2d 638, 640 (Minn.Ct.App. 1984). Probable cause has been defined as "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." *Id.* at 640, *quoting Garske v. United States,* 1 F.2d 620, 623 (8th Cir.1924). In *State v. Harris,* 265 Minn. 260, 121 N.W.2d 327 (1963) the court noted that in a situation involving probable cause to invoke the implied consent law, probable cause should be evaluated "from the viewpoint of a prudent and cautious police officer on the scene at the time of arrest." *Id.,* 265 Minn. at 264, 121 N.W.2d at 331, *quoting Jackson v. United States,* 302 F.2d 194, 196 (D.C.Cir. 1962).

Probable cause to believe a person has been driving while intoxicated must be determined by looking to the facts and circumstances of each individual situation. *Olson,* 342 N.W.2d at 640. We have recently explained:

> [T]here are numerous signs indicating a person is under the influence of intoxicating liquor, and * * * an opinion on that condition can be reached without presence of all of the signs. * * * [E]ven a single objective indication of intoxication may be sufficient, depending upon the circumstances in each case * * [I]t is fundamental that each case must be decided on its own facts and circumstances and without regard to any formula.

*Martin v. Commissioner of Public Safety,* 353 N.W.2d 202, 204 (Minn.Ct.App.1984) (citations omitted).

In reviewing an officer's determination of probable cause in similar situations, this court has stated that "great deference" should be paid to the officer's experience and judgment. *Olson,* 342 N.W.2d at 641, *citing Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Review by an appellate court should not be de novo; rather, the duty "is simply to ensure that the officer had a substantial basis for concluding that probable cause existed at the time of invoking the implied consent law." *Olson,* 342 N.W.2d at 641, *citing Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). In a recent decision, we have indicated that where the existence of probable cause is a close question, the appellate court should generally defer to the trial court's evaluation of the officer's determination, since "the trial court's opportunity to observe [an officer's] examination [leaves] it in a better position to evaluate his testimony." *Kunz v. Commissioner of Public Safety,* 349 N.W.2d 593, 596 (Minn.Ct.App.1984).

Officer Boe's testimony at the implied consent hearing indicated that the appellant's speech was slow and slurred,

his eyes were glassy and bloodshot or red, he had some difficulty walking, and his breath smelled like alcohol. These signs of intoxication provided the requisite probable cause for Officer Boe to believe the appellant had been driving while intoxicated.

The appellant argues, however, that there was no probable cause to arrest him for DWI because he had been stopped for disorderly conduct, rather than for a traffic violation or other driving-related behavior. This argument is without merit. Officer Boe specifically observed the appellant driving and immediately thereafter witnessed evidence of his intoxication. This situation cannot be distinguished from one where, for example a driver has been stopped for a simple headlight violation and the officer subsequently determines that he had been driving while intoxicated. *See State v. Faber,* 343 N.W.2d 659 (Minn. 1984).

## DECISION

The trial court properly determined that the investigation of the appellant's conduct was justifiable and that the officer had probable cause to believe the appellant had been driving while under the influence of alcohol.

Affirmed.