**Brian James REIS, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C2–84–1532.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Timothy H. Chirhart, St. Cloud, for respondent.

Hubert H. Humphrey, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE, and NIERENGARTEN, JJ., with oral argument waived.

## SUMMARY OPINION

NIERENGARTEN, Judge.

### FACTS

Following a one-car accident, a deputy from the Stearns County Sheriff's Office was dispatched to the St. Cloud Hospital to talk to respondent Brian Reis, the driver of the vehicle involved in the accident. Reis admitted he had been drinking earlier in the evening and that he hadn't been watching the road, with which he was familiar.

The deputy testified that Reis was alert, coherent and cooperative, even though he detected a moderate odor of alcohol and somewhat bloodshot eyes. Reis's slurred speech was discounted by the deputy because Reis had a swollen lip from the accident.

The deputy invoked the implied consent law. On the implied consent form he only checked the odor of alcohol, although he added in his testimony that he also considered the fact Reis was familiar with the road. The police report did not indicate that Reis was under the influence. On the accident report form, under the section titled "Apparent Physical Condition", the "Had been drinking" box was checked rather than the "Under the Influence" box.

The trial court examined the totality of the circumstances and concluded the deputy lacked sufficient probable cause to invoke the implied consent law. A motion for directed verdict was granted and the commissioner appeals.

### DECISION

The credibility of witnesses is for the trial court in a court trial. *Georgopolis v. George*, 237 Minn. 176, 182, 54 N.W.2d 137, 141 (1952). Where the existence of probable cause is a close question, we should generally defer to the trial court's evaluation of the officer's testimony because the court is in a better position to observe and evaluate such testimony. *Nohre v. Commissioner of Public Safety*, 355 N.W.2d 757, 760 (Minn.Ct.App.1984). Here, the trial court observed the officer's demeanor, his ability to remember and relate the facts, the reasonableness of his testimony and the inconsistency in his statements. The trial court's decision is not clearly erroneous.

Affirmed.