**Bradley Anton CLOW, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C5–84–1122.**

Court of Appeals of Minnesota.

Feb. 12, 1985.

Review Denied April 26, 1985.

Barbara J. Runchey, Runchey, Louwagie & Wellman, Marshall, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

The Commissioner of Public Safety revoked respondent's driver's license, and respondent petitioned for judicial review. Following a hearing, the trial court ordered rescission of the revocation, and the Com-

missioner appealed. We reverse the trial court's order rescinding the revocation.

## FACTS

At about 7:15 p.m. on March 31, 1984, State Trooper Dean Koenen investigated a truck/car accident near Marshall, Minnesota. After concluding from the damage that the truck had rear-ended the car, Trooper Koenen went to the local hospital to speak with the drivers.

Trooper Koenen located Bradley Clow, the driver of the truck, at the hospital at about 8:10 p.m. Clow stated that the car had pulled out in front of his truck and he had rear ended it. During the discussion Koenen noticed the odor of alcohol and that Clow's eyes were bloodshot. Koenen requested that Clow blow into his face and observed a stronger odor of alcohol. Clow admitted that he had consumed "a couple, three beers" before the accident. Koenen concluded that Clow was under the influence of alcohol and read him the implied consent advisory. Clow refused testing. Koenen later decided not to charge Clow with driving while under the influence of alcohol.

At the implied consent hearing Clow presented testimony from Barbara Warlop, a passenger in the car struck by Clow's truck. She testified she spoke with Clow at least four times immediately after the accident without observing the odor of alcohol or that Clow had slurred speech or trouble walking. Mary Warlop, who also observed Clow after the accident, corroborated that testimony and testified that she saw Clow crying. Brenda Clow testified that when she arrived at the hospital Clow was crying but did not appear to be under the influence of alcohol.

The trial court found that Clow's eyes were bloodshot, that Koenen had observed the odor of alcohol which was stronger at a short distance, and that Clow admitted he had consumed "a couple, three beers." However, the trial court concluded that Koenen did not have probable cause to believe Clow was under the influence of alcohol and ordered rescission of his license

revocation. Clow mailed notice of the order to the Commissioner of Public Safety on or about May 21, 1984, and the Commissioner filed notice of appeal on June 21, 1984.

## ISSUES

1. Did the Commissioner of Public Safety timely file a notice of appeal?

2. Did the trial court err in finding the trooper did not have probable cause to believe Clow was under the influence of alcohol?

3. Did the trooper violate Clow's due process and equal protection rights by failing to charge him with D.W.I., thus denying him the possibility of pleading guilty and receiving a shorter period of license revocation?

## ANALYSIS

### I

■ Clow contends that the Commissioner failed to timely file a notice of appeal. A party must file its notice of appeal within 30 days after service of a written notice that the order has been filed. Minn.R.Civ. App.P. 104.01. Rule 125.03 provides three additional days to file a notice of appeal when service of notice of an order is by mail. *Id.* 125.03. Clow mailed notice of the order to the Commissioner. Because the Commissioner filed notice of appeal within 33 days, therefore, the filing was timely.

### II

■ Under the implied consent statute, a driver involved in a car accident resulting in property damage must submit to chemical testing when an officer has probable cause to believe the driver is under the influence of alcohol. *See* Minn.Stat. § 169.-123, subd. 2 (Supp.1983). Probable cause for an arrest has been defined as "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious [person] in believing the accused to be guilty."

*Garske v. United States,* 1 F.2d 620, 623 (8th Cir.1924), *quoted in State v. Harris,* 265 Minn. 260, 264, 121 N.W.2d 327, 330, *cert. denied,* 375 U.S. 867, 84 S.Ct. 141, 11 L.Ed.2d 94 (1963). A court's determination of probable cause is both a question of fact and of law. Once the facts have been found the court must apply the law to determine if probable cause exists. *See, e.g., Rude v. Commissioner of Public Safety,* 347 N.W.2d 77 (Minn.Ct.App.1984).

▪ The trial court specifically found that Trooper Koenen observed Clow's bloodshot eyes and the odor of alcohol and that Clow admitted drinking two or three beers. The court observed that there was a basis other than alcohol for the bloodshot eyes and found that the Warlops and Brenda Clow had no basis to believe Clow had been drinking. The court then concluded that Trooper Koenen did not have probable cause to believe that Clow was under the influence of alcohol. Taking the facts as the trial court found them, its conclusion that probable cause did not exist is error.

▪ In *Holtz v. Commissioner of Public Safety,* 340 N.W.2d 363, 365 (Minn.Ct.App. 1983), and *Martin v. Commissioner of Public Safety,* 353 N.W.2d 202, 204 (Minn. Ct.App.1984), this court considered the sufficiency of probable cause and concluded that probable cause is not reducible to a mechanical or numerical equation. Whether certain indicia of consumption of alcohol are sufficient to satisfy a standard of probable cause depends on the facts and circumstances in each case. A determination of sufficiency necessarily takes into account the credibility of the witness, the consistency of the testimony, the opportunity of each witness to observe, the expertise or training of a witness, the strength of the observation, and the persuasive or probative value of the observation. This cognitive and judgmental process results in findings which, if properly made and presented, will support the conclusions.

The trial court made oral findings on the record. The findings are not lengthy but show that the judge accepted the credibility of each witness. Although we do not have the benefit of the trial court's reconciliation or weighing of those findings, if we assign them the weight prescribed by case law and reason, they do not support a conclusion that the officer lacked probable cause to request chemical testing.

▪ The probable cause determination of an experienced police officer is entitled to deference. *State v. Olson,* 342 N.W.2d 638, 640–41 (Minn.Ct.App.1984); *see also State v. Kvam,* 336 N.W.2d 525, 528 (Minn. 1983). Even without the evidence of Clow's bloodshot eyes, which could have resulted from crying, the remaining evidence, the odor of alcohol, the accident itself, and Clow's admission of drinking, is sufficiently strong to be conclusive. In *Rude* we held:

In light of our decision in *Holtz* and the cases cited therein, the basis for probable cause in this case is sufficient. Detective Robertson had such a combination of objective indications of intoxication—the smell of alcohol on the driver's breath, the spilled glass which smelled of alcohol in her car, and a serious accident—that to fail to require a test would be unthinkable.

*Rude,* 347 N.W.2d at 80.

The trial court's finding that the Warlops and Brenda Clow had no basis to believe that Clow was drinking does not eliminate the basis for Trooper Koenen's belief. The observations were made at different times, from disparate distances, and neither the Warlops nor Brenda Clow were present when Clow admitted that he had been drinking. "[T]he duty of the reviewing court is simply to ensure that the officer had a substantial basis for concluding that probable cause existed at the time of invoking the implied consent law." *Olson,* 342 N.W.2d at 641.

The facts in this case bear some similarity to those in *Reis v. Commissioner of Public Safety,* 358 N.W.2d 740 (Minn.Ct. App.1984), where we affirmed the trial court's conclusion that probable cause did not exist. In *Reis,* however, the trial court found the officer's testimony unreasonable

and inconsistent and questioned his ability to remember the facts. In this case the trial court accepted Trooper Koenen's testimony as accurate and credible. The facts are sufficiently strong to be conclusive on the issue of probable cause. The trial court erred in determining that the officer lacked probable cause to believe that Clow was under the influence of alcohol.

## III

Clow argues that his constitutional rights to due process and equal protection were violated when he was *not* charged with D.W.I. and was thus denied the possibility of pleading guilty and receiving a shorter period of license revocation. Clow did not specify this ground in his petition for judicial review as required by Minn. Stat. § 169.123, subd. 5c (1982), *see Schafer v. Commissioner of Public Safety*, 348 N.W.2d 365, 368 (Minn.Ct.App.1984), and we therefore decline to decide this issue.

## DECISION

The Commissioner timely filed the notice of appeal. The trial court's conclusion that probable cause did not exist was in error.

Reversed.