Douglas **SCHLEMME,**
**petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C1–84–1666.

Court of Appeals of Minnesota.

Feb. 26, 1985.

Deborah K. Ellis, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Mary B. Magnuson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

Douglas Schlemme's driver's license was revoked because he refused to submit to a breath test. Schlemme seeks rescission of the revocation, contending that the state failed to establish circumstances in which he could be required to take a test. We affirm.

## FACTS

Very late June 12, 1984, a security guard at a Bloomington hotel noticed a silver Corvette straddling a concrete curb in the hotel parking lot. The muffler had been torn off. The car lights were on and the engine was running. Douglas Schlemme was behind the wheel.

The guard asked Schlemme to get out of the car. After gunning the motor several times, Schlemme complied. When Schlemme stepped out of the car the guard noticed that his breath smelled of alcohol, his speech was slurred and his stance was wobbly.

The guard called the police. When a police officer arrived, Schlemme took off. The guard identified the fleeing Schlemme to the officer as the man who had gotten his Corvette "hung up" on a curb. Schlemme ignored orders to stop. The officer chased Schlemme through the hotel, caught him, pat searched him, and handcuffed him. The officer detected alcohol on Schlemme's breath and noticed that his eyes were bloodshot and watery.

The officer arrested Schlemme, placed him in the squad car and drove back to examine the Corvette and finish questioning the security guard. Then the officer transported Schlemme to the Bloomington police station, read him the implied consent advisory and asked him to submit to a breath test. Schlemme refused. The Commissioner of Public Safety subsequently revoked Schlemme's license pursuant to Minn.Stat. § 169.123, subd. 4 (1982), because he refused to take the test.

## ISSUE

Does the evidence support the trial court's finding that the police had authority pursuant to Minn.Stat. § 169.123, subd. 2(a)(1) and (2) (1982) to ask Schlemme to submit to chemical testing?

## ANALYSIS

■ Under Minnesota's implied consent statute, the Commissioner of Public Safety must revoke a driver's license if he refuses to submit to chemical testing. Minn.Stat. § 169.123, subd. 4 (1982). Police may request a person to submit to chemical testing whenever they have reasonable and probable grounds to believe that the person was driving, operating, or in physical control of a motor vehicle while under the influence *and* any *one* of the following conditions exist:

(1) the person has been lawfully placed under arrest for violation of section 169.-121, or an ordinance in conformity with it; or (2) the person has been involved in a motor vehicle accident or collision resulting in property damage, personal injury, or death; or (3) the person has refused to take the screening test provided for by section 169.121, subdivision 6; or (4) the screening test was administered and recorded an alcohol concentration of .10 or more.

Minn.Stat. § 169.123, subd. 2(a) (1982); *State v. Grovum,* 297 Minn. 66, 209 N.W.2d 788 (1973). Police had authority under both (1) and (2) to request Schlemme to submit to a breath test.

### Arrest

■ Schlemme argues that his arrest was invalid because the offense was not committed in the officer's presence. Under the law in effect at the time of Schlemme's arrest, an officer generally could make a warrantless misdemeanor arrest only for offenses which occur in his or her presence. Minn.Stat. § 629.34, subd. 1 (1982). Schlemme cites *State v. McDonnell,* 353 N.W.2d 678 (Minn.Ct.App.1984), for the proposition that information from a third party may not be used to satisfy the presence requirement.

*McDonnell* is not applicable here because, under the applicable law, when an accident has occurred an officer may make a warrantless DWI arrest upon probable cause, without regard to whether the offense was committed in the officer's presence. Minn.Stat. § 169.121, subd. 1a.

(Supp.1983).[1] This court has defined accident to include situations where a vehicle is stuck and cannot be moved without the aid of a tow truck. *State v. Kline*, 351 N.W.2d 388 (Minn.App.Ct.1984).

The probable cause requirement is satisfied in this case by the officer's observations and reliable hearsay from the security guard. The officer's observation that Schlemme had alcohol on his breath and had bloodshot, watery eyes clearly established probable cause to believe that Schlemme was under the influence. *Holtz v. Commissioner of Public Safety*, 340 N.W.2d 363 (Minn.Ct.App.1983). And the guard's pre-arrest statement was sufficient to establish probable cause to believe that Schlemme was in physical control of a vehicle involved in an accident.

 Schlemme contends that the security guard's pre-arrest statement must be discounted because it lacked detail and because the officer had no assurance of the guard's reliability. Schlemme's flight prevented the officer from eliciting more details before the arrest. However, the guard's identification of Schlemme as the driver who got his car stuck on the curb specified the essential elements of physical control and the occurrence of an accident. Information from a private citizen not involved in the criminal event reported may be presumed to be reliable. *Marben v. State Department of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980); *State v. Phelps*, 297 Minn. 61, 64, 209 N.W.2d 780, 782 (1973).

### Accident

Schlemme also challenges the trial court's finding that his involvement in an auto accident causing property damage provided an independent ground for the request to submit to chemical testing. He argues that *at the time of his arrest* the officer did not know that the accident had resulted in property damage. The officer did not discover the detached muffler until after the arrest when he questioned the guard and inspected the car.

 However, arrest and involvement in an accident resulting in property damage are independent grounds for requesting chemical testing. Probable cause for arrest is measured at the time of arrest. Probable cause to believe the driver has been involved in an accident resulting in property damage is measured at the time the officer requests the chemical test. Here, the officer completed his investigation before he asked Schlemme to take the test. So he had probable cause when he made the request. The arrest, even if improper, would not invalidate the request because none of the information necessary to establish probable cause arose from the arrest.

### DECISION

The police properly requested Schlemme to submit to chemical testing in connection with his arrest and his involvement with an auto accident resulting in property damage. The Commissioner of Public Safety properly revoked his license because he refused to submit to testing.

Affirmed.

---

1. Effective August 31, 1984, the legislature has eliminated the presence requirement for DWI arrests. An officer may now make a warrantless arrest upon probable cause, without regard to whether the violation was committed in the officer's presence. Minn.Stat. § 169.121, subd. 1a (1984).