Timothy S. ROACH,
petitioner, Appellant.

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C8–85–1254.

Court of Appeals of Minnesota.

Nov. 19, 1985.

Douglas Sauter, Cambridge, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Timothy Roach's driving privileges were revoked for refusal to take a breath test. He petitioned for judicial review, and the trial court sustained the revocation. Appellant brought an appeal to this court and we affirm.

## FACTS

State Trooper Steven Sgerven was on duty at 9:30 p.m. on April 13, 1985. He arrived at an accident scene on Highway 95, just east of the Mille Lacs county line; the accident occurred approximately fifteen minutes earlier. Another trooper was already on the scene, and appellant Timothy Roach was seated in the right rear seat of that trooper's vehicle. No one else was in the vehicle at the time of the accident.

Appellant would not talk to Sgerven about how the accident occurred. Sgerven, who was within a few inches of appellant's face, noticed a strong odor of alcohol on

appellant's breath, as well as his bloodshot and watery eyes. When appellant walked from the other trooper's vehicle back to Sgerven's vehicle, he staggered; he swayed while standing still. Prior to getting into Sgerven's car, appellant appeared to start falling, and he hung onto the door, apparently to prevent himself from falling. Sgerven also noticed that appellant's speech was slurred.

Sgerven read the implied consent form to appellant at the scene. Appellant requested that he be allowed to talk to an attorney. Sgerven then transported appellant to the Isanti County jail, and allowed him to call his attorney. After the telephone conversation, Sgerven offered appellant a breath test. Appellant replied, "Obviously not," stating that his lawyer advised him not to take the test.

No further evidence was presented by either side. The trial court found that the Commissioner had met his burden of proof, and sustained the revocation of appellant's driving privileges. Appellant then brought this appeal.

## ISSUE

Was the trial court clearly erroneous when it found that the trooper had probable cause to believe that appellant was driving while intoxicated?

## ANALYSIS

Appellant contends that the trial court had insufficient evidence from which it could conclude that the officer had probable cause to believe that he was driving while intoxicated. A probable cause determination is a question of both fact and law. *Clow v. Commissioner of Public Safety*, 362 N.W.2d 360, 363 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Apr. 26, 1985). Once the facts are found, the trial court must apply the law in order to determine whether probable cause exists. *Id.* A trial court's findings of fact will be reversed only if clearly erroneous. *Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705, 707 (Minn.Ct.App.1984).

"Probable cause exists where all the facts and circumstances would warrant a cautious person to believe that the suspect was driving or operating a vehicle while under the influence." *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn.Ct.App.1985). The trial court must make an evaluation from the point of view of a "prudent and cautious police officer on the scene at the time of arrest." *State v. Harris*, 265 Minn. 260, 264, 121 N.W.2d 327, 331, *cert. denied*, 375 U.S. 867, 84 S.Ct. 141, 11 L.Ed.2d 94 (1963) (quoting *Jackson v. United States*, 302 F.2d 194, 196 (D.C.Cir.1962)). Great deference must be paid to the officer's experience and judgment. *Vertina v. Commissioner of Public Safety*, 356 N.W.2d 412, 414 (Minn.Ct.App.1984). It is not necessary for the officer to actually witness the driving in order to establish probable cause. *State v. Harris*, 295 Minn. 38, 42, 202 N.W.2d 878, 880–81 (1972).

Appellant contends that there was a total lack of evidence from which the police officer could have concluded that probable cause existed to believe that he had been driving. He asserts that no evidence was offered as to the ownership of the vehicle, nor, when Sgerven arrived at the scene, as to why he was seated in another trooper's car.

We disagree, finding sufficient evidence in the record to support a finding of probable cause that appellant had been driving the vehicle. Sgerven arrived on the scene; there had been a one-car accident, and appellant was already in the back seat of the other trooper's car. The accident had occurred just fifteen minutes before Sgerven arrived on the scene, and no one else was in the vehicle at the time of the accident.

The reviewing court must insure that the officer had a substantial basis for concluding that probable cause existed to believe that appellant was driving at the time the implied consent law was invoked. *State v. Olson*, 342 N.W.2d 638, 641 (Minn.Ct.App.1984). The trial court was not

clearly erroneous when it found that these facts were sufficient to support a finding of probable cause to believe that appellant had been driving the automobile while intoxicated.

## DECISION

The trial court was not clearly erroneous when it found sufficient probable cause to believe that respondent had been driving while intoxicated.

Affirmed.