**Michael Sean EDWARDS,
petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. CX–85–1479.**

Court of Appeals of Minnesota.

Feb. 4, 1986.

Stefan A. Tolin, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey J. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Appellant brought a petition for judicial review of the revocation of his driving privileges, pursuant to the implied consent law. The trial court sustained the revocation of appellant's driving privileges. We affirm.

## FACTS

Officer Thomas Warner, a reserve part-time officer for the City of Elk River, was on routine foot patrol duty on March 8, 1985. He noticed a jeep, whose driver started the engine, "revved it up" down to the floorboard, and backed up onto the highway. Officer Werner than observed the jeep turn into an alley alongside a store and hit a curb so hard the front end seemed to almost come off the ground. Officer Warner by radio advised Officer Jeffrey Mordal, who was nearby in his police car, and asked him to talk to the driver about the "exhibition" driving.

Officer Mordal, an officer for the Elk River Police Department and a certified Intoxilyzer operator, testified that Officer Warner advised him that the jeep had pulled behind Kemper's Drugs. After driving behind Kemper's, Mordal saw that the jeep was driving out from the parking lot behind the drug store, which was clearly marked "Do Not Exit," and was pulling towards Highway 10. The jeep was followed by another car. Both vehicles entered Highway 10 and began driving east. Mordal saw the jeep making sharp jerks to the right as if "showing off" to the car that was following it. Mordal turned his red lights on and stopped the jeep.

Mordal obtained the driver's license; the driver was Phillip Schwab. Mordal asked Schwab to explain his driving actions downtown as described by Officer Warner. Schwab said that he was not driving. Mordal asked who was driving; Schwab pointed to his passenger and said, "He was." The passenger was appellant Michael Sean Edwards.

Mordal questioned Schwab several times to determine who had been driving, and Schwab again said that Edwards was driving. Mordal asked appellant Edwards if he had been driving. Initially he said he was not. Mordal went back to his squad car, ran a license check on both Schwab and appellant, and then returned to the jeep. He asked appellant to step outside and asked him again if he had been driving in

the downtown area. He replied "a little." Mordal observed that appellant's eyes were extremely bloodshot, he had slurred speech, and he seemed to have very poor balance. Mordal asked him to perform several sobriety tests. Mordal formed the opinion that appellant was under the influence of alcohol and placed him under arrest.

Officer Mordal brought appellant to the Sherburne County Law Enforcement Center, where he read appellant the implied consent advisory. Appellant scored .13 on an Intoxilyzer test.

Officer Mordal summarized his reasons for arresting appellant: Schwab stated that appellant had been driving downtown, and that they had switched drivers behind Kemper's; appellant admitted that he had been driving a little; appellant appeared to be in a stupor with bloodshot eyes and a strong odor of alcoholic beverages; and appellant did not perform well on the field sobriety tests. Mordal testified that approximately three minutes elapsed from the time he received the call from Warner until the time he stopped the jeep.

Phillip Schwab, who was age sixteen at the time of the hearing, testified that he and appellant arrived at the Sunshine Depot some time after 9:00 p.m. They first parked behind Kemper's Drugs, and then parked in front of the Sunshine Depot. They went into the Sunshine Depot; Schwab played video games and appellant had drinks and talked to a friend in the Pizza Depot. Appellant and Schwab left together approximately one-half hour later. Appellant drove the car across the street to Kemper's. Schwab told appellant that he should not drive anymore; he also testified that appellant asked him if he would like to drive. Appellant and Schwab then switched positions, and Schwab drove.

The Commissioner of Public Safety revoked appellant's driving privileges for failing the test. The trial court made oral findings that appellant had been drinking, drove across the street, and then asked Schwab to drive. Based on these findings, the trial court sustained the revocation of appellant's driving privileges.

## ISSUE

1. Did the arresting officer have probable cause to believe appellant was driving while intoxicated?

2. Did the Commissioner prove by a fair preponderance of the evidence that appellant was in fact under the influence while in control of his vehicle?

## ANALYSIS

### I

When an officer has probable cause to believe that a person was driving a motor vehicle while intoxicated, a chemical test may be required for the purpose of determining the presence of alcohol. Minn.Stat. § 169.123, subd. 2(a) (1984). If the test discloses that a person had an alcohol concentration of .10 or more, the Commissioner must revoke the person's driving privileges. Minn.Stat. § 169.123, subd. 4. A driver whose license is thus revoked may petition for judicial review of the decision. Minn.Stat. § 169.123, subd. 5c. One of the grounds may be whether the officer had probable cause to believe that the person was driving while under the influence of alcohol. Minn.Stat. § 169.123, subd. 6(1).

▇ A determination of probable cause is a mixed question of law and fact. *Clow v. Commissioner of Public Safety*, 362 N.W.2d 360, 363 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. April 26, 1985). Probable cause exists when all facts and circumstances warrant a cautious person to believe that the suspect was driving a vehicle while under the influence of alcohol. *State v. Harris*, 295 Minn. 38, 42, 202 N.W.2d 878, 881 (1972); *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn.Ct.App.1985). An officer need not personally "observe the defendant in the act of driving or operating the vehicle to request a test to determine the alcoholic content of his blood." *Harris*, 295 Minn. at 42, 202 N.W.2d at 880–81.

Furthermore, Minn.Stat. § 169.121, subd. 1a (1984), specifically provides:

> A peace officer may lawfully arrest a person for violation of subdivision 1 [driving while intoxicated] without a warrant upon probable cause, without regard to whether the violation was committed in the officer's presence.

The issue here is a factual one. Appellant contends that Schwab's allegation that he had been driving downtown earlier is insufficient to provide probable cause to believe he had been driving while intoxicated. He disputes that the record showed that he had driven across the street after drinking, and contends that the driving occurred prior to the drinking.

The findings of fact by the trial court will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01; *State, Department of Highways, v. Beckey,* 291 Minn. 483, 487, 192 N.W.2d 441, 445 (1971). There is sufficient evidence in the record to support the findings by the trial court. Officer Warner testified that Schwab told him that they had switched drivers behind Kemper's, and appellant admits that he had been driving a little. He appeared intoxicated at the time of the stop. Although the record is somewhat confusing as to the time frame in which the driving occurred, the facts presented are sufficient to support the finding by the trial court. Officer Mordal testified that approximately three minutes had elapsed from the time he received a call from Warner until the time he stopped the jeep. Officer Mordal clearly had probable cause to believe that appellant had been driving while intoxicated.

## II

Appellant also contends that under *Roberts v. Commissioner of Public Safety,* 371 N.W.2d 605 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Oct. 11, 1985), the Commissioner of Public Safety must show by a fair preponderance of the evidence that appellant had actual physical control of the vehicle while under the influence. We do not find it necessary to address the issue. The trial court determined that ap-

pellant had in fact been driving while intoxicated, and there was sufficient evidence to support this finding.

## DECISION

The police officer here had sufficient probable cause to believe that appellant was driving while intoxicated.

Affirmed.