Rodney Allen JOHNSON,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. CX–86–911.

Court of Appeals of Minnesota.

Oct. 21, 1986.

Michael L. Perlman, Nodland, Conn, Nordaune & Perlman, St. Louis Park, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

Appellant was arrested for driving while under the influence of alcohol. He refused to submit to testing pursuant to the implied consent law, resulting in a revocation of his driver's license. Appellant petitioned for judicial review. The trial court sustained the revocation, and appellant appeals from the order. We affirm.

## FACTS

On February 1, 1986, at approximately 12:00 a.m., Hopkins Police Officer Patrick Malone, a certified peace officer, received a radio dispatch that a truck had just driven into a ditch on Blake Road near Cambridge Street in Hopkins. Malone was told that an apparently intoxicated driver had entered a K Gas Station, and was using a pay telephone nearby. Malone went to the scene and observed appellant leaving the pay telephone and walking toward a truck which was stuck in a snowbank. As Malone began driving toward appellant, appellant broke into a run in the opposite direction. Malone told appellant to stop, and he did so.

Malone asked appellant about the truck, but appellant claimed that he knew nothing about it. While talking to appellant, Malone observed that appellant was staggering and weaving, and that his breath smelled of alcohol. Malone placed appellant under arrest for driving while under the influence of alcohol, and requested that he submit to a portable breath test. Appellant did so, and he registered a fail.

Malone then ran a registration check on the vehicle and learned that it was registered to appellant. Appellant then admitted that he was the owner of the vehicle, but claimed that he had been a passenger, not the driver. Appellant refused to disclose the identity of the driver to Malone. At approximately 12:32 a.m., Malone read the implied consent advisory to appellant. Although appellant indicated that he understood the advisory, he said that he would not take the test because he had not driven the vehicle. Appellant stated that he wished to consult with an attorney.

At the hearing, Peter Cole testified that he was at the K Gas Station on the night of the incident. Cole stated that he had observed the truck go into the ditch, had noticed that appellant was the only occupant of the truck, and had told an employee of the gas station to telephone the police about the accident. On direct and cross-examination, Cole testified that the accident had occurred at approximately 1:00 a.m.

On respondent's rebuttal, Cole testified that he was confused by reading the police officer's report, and that the accident had occurred at approximately 12:00 a.m.

Appellant testified at the hearing that before the accident he had become intoxicated at a party. He stated that he had intended to call his wife or to take a taxi home when a man named Steve, whom he had met at the party, asked for a ride to St. Louis Park. Appellant claimed that he had allowed Steve to drive his vehicle to appellant's residence with the understanding that Steve would walk or take a bus from there. He testified that Steve drove the vehicle into the snowbank, attempted to free it, and then fled from the scene. Appellant told Malone he did not know Steve's last name. Appellant testified he had been unable to locate Steve since the night of the accident. The trial court found the appellant's testimony concerning another driver was not credible.

The trial court sustained the revocation. Appellant brings an appeal from the trial court order.

## ISSUES

1. Did the officer have probable cause to arrest appellant for driving while under the influence of alcohol in violation of Minn.Stat. § 169.121 (Supp.1985)?

2. Were the conditions of Minn.Stat. § 169.123, subd. 2(a) (Supp.1985) met, allowing the officer to invoke the implied consent law?

## ANALYSIS

■ 1. Appellant first contends that the officer did not actually see him driving, and thus did not have probable cause to believe he was driving. An officer is not required to see the person actually driving in order to have probable cause to believe that the person was driving a motor vehicle while under the influence. *State v. Harris*, 295 Minn. 38, 42, 202 N.W.2d 878, 880–81 (1972). Probable cause will exist where all the facts and circumstances warrant a cautious person to believe that the suspect was

driving or operating a motor vehicle while under the influence. *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn.Ct.App.1985).

Appellant argues that the probable cause was improperly based on the unreliable hearsay of a private citizen, and challenges the use of Peter Cole's testimony. The trial court did not use Peter Cole's testimony in its probable cause determination.

■ It found probable cause "based on circumstantial evidence and on [appellant's] evasive conduct and answers to police officer Malone's questions." The trial court must make a probable cause determination from the point of view of a prudent and cautious police officer at the time of the arrest. *Roach v. Commissioner of Public Safety*, 380 N.W.2d 134, 135 (Minn.Ct.App. 1985). Great deference must be paid to the officer's experience and judgment. *Id.*

■ The police officer had information not only from the dispatcher but also from his own observations at the scene. Information from a private citizen may be presumed to be reliable. *Marben v. State, Department of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980). An anonymous tip from an informer may serve as the basis for probable cause as long as its reliability is established through corroboration. *United States v. Briley*, 726 F.2d 1301, 1306 (8th Cir.1984); *see Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The corroboration in this case was provided by the officer observing appellant leaving the public telephone and walking toward the truck which was stuck in the snowbank. In addition, appellant began running away from the vehicle when he saw the officer. He denied driving. The officer also observed indicia of intoxication. When the officer arrested appellant, he was unaware of appellant's contention that another person was driving the car. We note that the trial court in any event found appellant's version not credible. Based on the facts which were available to the officer at the time of the arrest, there was probable cause to believe that appellant was driving while under the influence.

Appellant also contends that the Commissioner must prove that he was in fact driving the car. The trial court made a finding that appellant was in fact the driver. We hold that this finding is not clearly erroneous. *See Hunt v. Commissioner of Public Safety*, 356 N.W.2d 801, 803–04 (Minn.Ct.App.1984); *cf. Hess v. Commissioner of Public Safety*, 392 N.W.2d 586 (Minn.Ct.App.1986) (trial court not clearly erroneous when it determined the Commissioner failed to show by a fair preponderance of the evidence that respondent was driving her vehicle when it went off the roadway).

2. Appellant argues that the arrest was unlawful, and thus that the police officer did not properly invoke the implied consent law. Minn.Stat. § 169.123, subd. 2(a) (Supp.1985) provides that an officer may request that a person submit to a chemical test when the officer has probable cause to believe the person has violated Minn.Stat. § 169.121, and one of four conditions has been met. One condition is that a lawful arrest must have been made. Because this court determined that the trial court properly found that the officer had probable cause to make the arrest, the arrest was lawful. Thus the condition was met, and the police officer properly invoked the implied consent law.

**DECISION**

The trial court's order sustaining the revocation of appellant's driving privileges is affirmed.

Affirmed.