Eugene Stewart ANDERSEN, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C0–87–281.

Court of Appeals of Minnesota.

Aug. 4, 1987.

Samuel A. McCloud, Dean S. Grau, Joel W. Sutcliffe, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Eugene Stewart Andersen was arrested for driving while under the influence. He failed the breath test and his driver's license was revoked. He petitioned for judicial review, contending that the officer did not have probable cause to believe he had been driving while under the influence. The trial court sustained the revocation and Andersen appeals. We affirm.

## FACTS

On September 6, 1986, at approximately 10:30 p.m., Officer Craig Woolery of the Cottage Grove Police Department was dispatched to the scene of an accident where a vehicle had reportedly struck a parked vehicle and fled. At the scene, Woolery observed two vehicles parked on the roadway. One had damage on the left front quarter panel, and the other had damage on the left rear end and left rear quarter panel and was pushed onto a lawn. Woolery spoke to Larry Uecker, who said he was in his neighbor's yard when he heard a crash. Uecker immediately went to the street and saw a silver station wagon fleeing the scene. He pursued the station wagon one block and confronted the driver. When Officer Lehman arrived, Uecker returned to the accident scene, where he related the events to Officer Woolery.

Woolery testified Uecker told him that the suspect came out of the house in front of which the station wagon was parked and said: "Cool it, I know I've done wrong." Uecker testified that a person came stum-

bling out of the side door, took his hat off, and told Uecker to "cool it." Uecker replied "cool it yourself" and "sit tight." The trial court did not make specific findings on appellant's statements to Uecker.

After talking with Uecker, Woolery proceeded to appellant's address. When Woolery arrived, appellant was in the backseat of Lehman's squad car. Woolery noticed a strong odor of alcohol on appellant's breath, and that his speech was slurred and he was unsteady on his feet. Woolery arrested him for driving while under the influence. He read the implied consent advisory, and appellant took a breath test. The test results revealed an alcohol concentration of .17.

Appellant was read the *Miranda* warning, and then admitted driving the car. The officer's implied consent peace officer's certificate listed two reasons as probable cause to believe appellant was driving the vehicle: that appellant had admitted it, and that a witness observed the driver. The officer testified, however, that at the time he invoked the advisory, appellant had not yet admitted driving the car. The trial court received the certificate, but stated that the portion filled out after the testing was completed would not be considered in determining whether the officer had probable cause.

The trial court concluded that the officer had probable cause based on the information provided to Woolery by Uecker and on Woolery's observations of appellant's physical appearance. The court sustained the revocation of appellant's driving privileges. Andersen appeals.

## ISSUES

Did the officer have probable cause to believe appellant had been driving while under the influence?

## ANALYSIS

■ A police officer must have probable cause to believe a person was driving, operating, or in physical control of a motor vehicle before a test may be required pursuant to the implied consent law. Minn. Stat. § 169.123, subd. 2 (1986). Probable cause exists when "all the facts and circumstances would warrant a cautious person to believe the suspect was driving or operating a vehicle while under the influence." *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn.Ct. App.1985). Probable cause "is not to be evaluated from a remote vantage point of a library, but rather from the viewpoint of a prudent and cautious police officer on the scene at the time of arrest." *State v. Harris*, 265 Minn. 260, 264, 265, 121 N.W.2d 327, 331, *cert. denied*, 375 U.S. 867, 84 S.Ct. 141, 11 L.Ed.2d 94 (1963) (citation omitted); *State v. Olson*, 342 N.W.2d 638, 640 (Minn.Ct.App.1984). The totality of the circumstances must be considered. *Eggersgluss v. Commissioner of Public Safety*, 393 N.W.2d 183, 185 (Minn. 1986).

■ Appellant's admission that he was the driver was one of two factors supporting probable cause which the officer checked on the certificate. Evidence obtained after the implied consent procedure is invoked, such as appellant's admission, may not be considered in determining whether there was probable cause to require the test. *See Schlemme v. Commissioner of Public Safety*, 363 N.W.2d 781, 784 (Minn.Ct.App.1985). The trial court clearly indicated, both at the hearing and in the order, that it was aware that the admission was obtained after the arrest, and it did not use the admission to make a probable cause determination. Even without appellant's admission, the record upports the trial court's determination of probable cause.

■ Appellant next argues that the officer's suspicion that he had been driving the automobile was based only on the suspicion of the citizen witness and that there was no objective evidence that appellant drove the vehicle which Uecker pursued. Information from a private citizen not involved in the reported criminal event may be presumed to be reliable. *Marben v. State, Department of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980); *Schlemme*, 363 N.W.2d at 784. The trial court credited

Uecker's testimony that he had observed the vehicle fleeing the scene, and that he immediately pursued it one block to where it was parked. Appellant was at the house where the vehicle was parked. Appellant came out of the house in an intoxicated condition, admitting he had done wrong. These facts are sufficient to provide probable cause to believe that appellant was driving while under the influence.

Where the existence of probable cause is a close question, we generally defer to the trial court's evaluation of the officer's testimony because it is in a better position to observe and evaluate that testimony. *Reis v. Commissioner of Public Safety*, 358 N.W.2d 740, 741 (Minn.Ct.App.1984).

### DECISION

The trial court's order sustaining the revocation is affirmed.

Affirmed.