Edward COSTILLO,
petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. CX–87–577.

Court of Appeals of Minnesota.

Sept. 15, 1987.
Review Granted Nov. 13, 1987.

Robert H. Meier, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

Appellant Edward Costillo was arrested for leaving the scene of an accident and later was arrested for driving while under the influence of alcohol. His license was revoked for an implied consent violation and he petitioned for judicial review. A referee recommended sustaining the revocation. The trial court denied Costillo's motion to amend the referee's recommended findings and sustained the revocation. We reverse.

## FACTS

On August 15, 1986, at approximately 7:30 p.m., Carl Ranheim was involved in a motor vehicle accident at Noble Avenue and 78th Avenue North in Brooklyn Park. Ranheim asked the other driver his name, and he said "Ed Mathies," but that he did not have his driver's license or insurance information with him. When the other driver left the scene, Ranheim wrote down his license plate number. Ranheim went to a friend's house and called the police.

Police Officer Bruce Fennern investigated the accident. After talking with Ranheim, he went to the residence of the registered owner of the other vehicle involved in the accident. Fennern was met there by Edward Costillo, who matched the description Ranheim gave him of the driver. He observed Costillo's physical appearance and behavior, including bloodshot eyes and slurred speech, and smelled the odor of alcohol.

Fennern asked Costillo if he had been driving the car involved in the accident, and Costillo stated he was not. This conversation between the officer and Costillo oc-

curred at the threshold of Costillo's front door. The officer asked Costillo to step out to his vehicle to talk about the accident, but he refused. Costillo let go of the door and stated that the officer could not arrest him without a warrant, showed the officer his fist and retreated a step into the doorway. Fennern reached into the doorway, grabbed Costillo's arm, and pulled him outside. Fennern then told Costillo he was under arrest for leaving the scene of an accident.

Costillo was placed in the squad car and taken to where Ranheim was waiting; he identified Costillo as the driver of the other vehicle. Fennern then transported Costillo to the Brooklyn Park Police Station, where he performed field sobriety tests. Costillo also took a preliminary breath test, which he failed. The officer then formed the opinion that Costillo had been driving while under the influence and told him he was under arrest for that offense.

The referee recommended conclusions of law that the officer had probable cause to believe Costillo was driving while under the influence and that he lawfully placed Costillo under arrest. Costillo moved to review the recommended order, and the trial court affirmed and sustained the revocation as recommended by the referee. Costillo appeals.

## ISSUES

1. Was Costillo lawfully arrested at his home?

2. Did the officer have probable cause to believe Costillo was driving while under the influence?

## DISCUSSION

### I

 Costillo challenges the legality of his arrest, at the threshold of his residence, for leaving the scene of the accident. He contends this was an illegal, warrantless arrest in violation of his fourth amendment rights. *See Payton v. New York*, 445 U.S. 573, 576, 100 S.Ct. 1371, 1374–75, 63 L.Ed.2d 639 (1980).

The arrest of Costillo on his threshold was for leaving the scene of the accident, which is a misdemeanor offense. Minn. Stat. § 169.09, subd. 14(e) (1986). A warrantless arrest for a misdemeanor may be made only for those offenses that are committed or attempted in the officer's presence, Minn.Stat. § 629.34, subd. 1(c)(1) (1986). Certain offenses are excepted from this requirement. *See, e.g.*, Minn.Stat. § 169.121, subd. 1a (1986) (DWI and similar offenses).

Costillo did not commit the offense of leaving the scene of an accident in the officer's presence, and no exception to the presence requirement applies. The arrest was illegal under Minnesota law. *See State v. McDonnell*, 353 N.W.2d 678, 680 (Minn.Ct.App.1984). Consequently, we do not reach the issue of whether the offense violated Costillo's fourth amendment rights.

### II

 Minn.Stat. § 169.123, subd. 2(a) (1986), authorizes an officer to require a test when the officer has probable cause to believe the person was driving under the influence in violation of Minn.Stat. § 169.-121 and one of four conditions exist: a lawful arrest for that offense, an accident, refusing a preliminary breath test, or failing a preliminary breath test. The identification by Ranheim, the field sobriety tests and the preliminary breath test, all of which supported the probable cause determination, were obtained as a result of the illegal arrest and should not have been considered. *See McDonnell*, 353 N.W.2d at 680. Consequently, the test was not properly requested under the implied consent law, Minn.Stat. § 169.123, subd. 2(a) (1986), and the revocation of Costillo's driving privileges must be rescinded.

### DECISION

The trial court's order sustaining the revocation is reversed.

Reversed.