CITY OF ST. PAUL v. WILLIAM OWEN PRICE JACKSON.

198 N. W. 2d 275.

May 26, 1972—No. 42418.

*C. Paul Jones,* State Public Defender, and *Earl P. Gray* and *Donald H. Nichols,* Assistant State Public Defenders, for appellant.

*Daniel A. Klas,* Corporation Counsel, *Pierre N. Regnier,* Chief Prosecuting Attorney, and *Robert C. Hoene,* Assistant Prosecuting Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

Per Curiam.

Defendant was convicted in the St. Paul municipal court and, upon appeal, by a district court jury, following a trial de novo, of violating two St. Paul municipal ordinances: St. Paul Legislative Code § 425.05, prohibiting transportation of a loaded firearm; and § 438.02, disorderly conduct. In municipal court he was represented by privately retained counsel; in district court he waived counsel and appeared pro se. Upon his conviction in district court he was sentenced to 30 days in the workhouse on each conviction, to be served concurrently. Execution of the

sentences was stayed pending defendant's appeal. We affirm the convictions.

Of the three issues defendant seeks to raise, we consider two: (1) Whether the evidence sustains his conviction of transporting a loaded firearm, and (2) whether the prosecutor committed prejudicial misconduct in final argument.

The virtually unchallenged evidence establishes that at 2:15 a. m. on a morning in June, defendant's automobile, as observed by two patrolling police officers, was stopped with its parking lights on and motor running at midpoint in a city alley. Because the automobile appeared to be blocking the alley, the police investigated. One of the officers approaching from the squad car, which had stopped behind defendant's automobile, observed defendant in the driver's seat and a lady passenger next to him. While the officer was examining defendant's driver's license, reluctantly produced by defendant, his flashlight revealed a snub-nosed .38-caliber revolver in plain view on the dashboard of defendant's automobile. Quickly drawing his service revolver, the officer ordered defendant not to move toward the firearm, and with the help of the other officer (who was alerted by what he observed from the squad car), the revolver was removed from the dashboard. Upon determining that it was loaded, the officers informed defendant that he was under arrest for transporting the firearm. Refusing to obey the officer's repeated requests that he step out of his automobile, defendant persisted in arguing with the officer and honking the horn of his automobile until other summoned officers arrived and disconnected it. The efforts of numerous officers to achieve defendant's voluntary removal from his automobile having failed, defendant was forcibly removed and his violent struggling to avoid handcuffing was subdued. He was taken to police headquarters.

In the absence of any explanation by defendant, who did not testify, the jury had little choice but to reasonably and properly conclude that under the circumstances the revolver had been "transported" in violation of the ordinance. The evidence is more than ample to sustain the only challenged conviction.

With reference to defendant's claim of prosecutorial misconduct despite the absence of any objection by him at trial, we must agree that however provocative the evidence of accused's conduct giving rise to the charge, a prosecutor must refrain from arguments which inject issues broader than the guilt or innocence of the accused, for example, that a conviction is necessary to stop contempt of police efforts to enforce the law. Such an argument, recently denounced in State v. Clark,

291 Minn. 79, 189 N. W. 2d 167 (1971), was again, apparently unwittingly and in a somewhat less offensive way, employed in this case. Without condoning it, we nevertheless are satisfied that the improper argument did not prejudice the jury against defendant. Not only the strong and compelling evidence of defendant's guilt but also the trial court's apparent awareness of the argument, the lack of any complaint by defendant when it was made, and the probability that the jury viewed such tactics as needless and perhaps offensive explain our conclusion.

We decline to consider defendant's request that he be granted a new trial on the ground that we should reverse established procedural rules governing the trial of persons accused of violations of municipal ordinances and now require that such an accused be afforded the presumption of innocence, be proved guilty beyond a reasonable doubt, and be granted the right to final argument—all of which have always been afforded to persons accused of violating state penal statutes. While there are members of this court who are inclined to the view that these procedural safeguards should, in compliance with constitutional standards of equal protection and due process, now be required for defendants accused of violating municipal ordinances for which there is a similar state penal statute, we do not believe this is the case where the matter should be considered. Here, the trial court was not made aware of defendant's position on this issue, which is raised for the first time on appeal. Indeed, there was neither a request nor even a suggestion by the defendant at trial that these procedures should be changed. Even though the trial court may have adhered to the many Minnesota cases that establish civil procedural standards in trials for ordinance violations,[1] he was denied any opportunity to express his views to this court as to the desirability of the proposed change. Therefore, we do not undertake a reconsideration of the procedural rules in this case, especially where the proof of defendant's guilt is sufficiently compelling that it is our impression that whatever quantum of proof was used the result would have been the same.

Affirmed.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] See, e. g., State v. Ketterer, 248 Minn. 173, 79 N. W. 2d 136 (1956); State v. Thomas, 279 Minn. 326, 156 N. W. 2d 745 (1968); City of St. Paul v. Azzone, 287 Minn. 136, 177 N. W. 2d 559 (1970).