STATE v. MAURICE DONALD SCHNEIDER.

249 N. W. 2d 720.

January 14, 1977—No. 46737.

*Robins, Davis & Lyons* and *James F. Dunn,* for appellant.

*Warren Spannaus,* Attorney General, *Richard G. Mark,* Assistant Attorney General, *Craig Forsman,* Special Assistant Attorney General, and *C. William Franke,* Falcon Heights City Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

This is an appeal by defendant from a judgment of conviction of driving while under the influence, Minn. St. 169.121. Defendant contends that he should receive a new trial because (1) the trial court abused its discretion in permitting the state's two witnesses, both peace officers, to express their opinions that defendant was under the influence, and (2) the prosecutor in his closing argument improperly alluded to defendant's failure to testify in his own behalf. We affirm.

1. The trial court has broad discretion in determining the adequacy of foundation for a lay person's opinion whether another person at a certain time was intoxicated or under the influence. Normally a witness will testify that he observed one or more objective indicators of intoxication or of being under the influence, and the trial court's function is to determine whether under the circumstances of the case these observations constitute a sufficient foundation for an opinion. There is no mechanical rule which the court must follow in exercising that discretion. Compare State v. Hicks, 301 Minn. 350, 222 N. W. 2d 345 (1974), with Bisbee v. Rupert, 306 Minn. 39, 235 N. W. 2d 364 (1975).

In this case the trial court did not abuse its discretion in permitting the peace officers to give opinion testimony on this issue.

2. In his closing argument the prosecutor, anticipating an argument that he expected defense counsel to make, stated that possibly injuries defendant sustained in the accident explained some of defendant's behavior when police arrived on the scene (e. g., defendant's staggering) but they could not explain a number of things including how the accident occurred, why defendant had a strong odor of alcohol on his breath, and why the automobile contained a large number of empty beer bottles. While making this argument the prosecutor noted, "We don't have any evidence before us to refute these things." A short time later the prosecutor made another similar statement.

Although the prosecutor may not have intended his statements as comments on defendant's failure to testify, we believe that these statements could have had that effect in the context of this case because the only person who could have refuted the things the prosecutor referred to was defendant and he did not take the stand. However, allusions by the prosecutor of a defendant's failure to testify are not always prejudicial. Anderson v. Nelson, 390 U. S. 523, 88 S. Ct. 1133, 20 L. ed. 2d 81 (1968). The prosecutor's comments were not extensive and he did not stress defendant's silence per se as a basis for conviction. Also, evidence of defendant's guilt was strong. Further, defense counsel did not object or move for a mistrial but instead elected to rely on his own argument to the jury and on a requested curative instruction which was given. The trial court's interrogation of the jury after the verdict confirmed that the prosecutor's comments and defendant's failure to testify were not factors in the guilty verdict. Under these circumstances we hold that the comments do not justify reversal.

Affirmed.