STATE of Minnesota, Respondent,

v.

George Earl HILL, Appellant.

No. 46265.

Supreme Court of Minnesota.

June 24, 1977.

C. Paul Jones, Public Defender, Robert Oliphant, Special Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, and David W. Larson and Phebe S. Haugen, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of burglary, Minn. St. 609.58, subd. 2(3), and was sentenced by the trial court to a maximum indeterminate term of 5 years in prison. On his appeal from judgment of conviction defendant contends (1) that there was as a matter of law insufficient evidence of his guilt, (2) that the prosecutor committed misconduct both at voir dire and in closing argument, (3) that his appearance in jail-issued clothes on the second day of voir dire deprived him of a fair trial, and (4) that the trial court erred in refusing to instruct the jury on the defense of voluntary intoxication pursuant to Minn. St. 609.075. We affirm.

There is no merit to the first issue. Defendant and his accomplice were caught

outside the burgled building with the stolen goods in their possession just minutes after the burglary, and there was also other evidence which implicated them in the burglary.

■ The claim of prosecutorial misconduct relates, first, to the prosecutor's statement on voir dire that defendant had a right not to testify and, second, to the prosecutor's statement on voir dire and in closing argument that he represented the state and that the community had an interest in the outcome of the case. The first statement in the context in which it was made did not suggest to the jurors or prospective jurors that they draw an adverse inference if defendant failed to testify—see, *State v. Spencer,* Minn., 248 N.W.2d 915 (1976)—and, in any event, defendant did testify. With respect to the second statement, we need say only that while a prosecutor could commit misconduct if he suggested that an acquittal would show jury contempt for the community's interest in law enforcement—see, *City of St. Paul v. Jackson,* 293 Minn. 505, 198 N.W.2d 275 (1975)—in this case the prosecutor's statement was not objectionable.

■ The third issue relates to defendant's appearance on the second day of voir dire and to the fact that an additional bailiff was present. What happened was that the night of the first day of voir dire defendant was arrested for an unrelated offense and therefore appeared the second day wearing clothes issued him by the jail. However, the clothes did not bear any markings identifying them as jail clothes—see *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976)—and the record does not compel the conclusion that the jury learned about defendant's arrest.

■ Defendant's final claim—that the trial court erred in refusing to instruct the jury on the defense of voluntary intoxication—lacks merit because defendant not only did not offer his drinking as an explanation for his actions, but insisted that he had not participated in the crime in any way. See *State v. Jacobs,* 292 Minn. 41, 192 N.W.2d 816 (1971).

Affirmed.