**STATE of Minnesota, Respondent,**

v.

**Darcy Lane DeVERE, Appellant.**

**No. 47182.**

Supreme Court of Minnesota.

Dec. 23, 1977.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of inducing a person under age 18 to practice prostitution, Minn.St. 609.32, subd. 2(1),[1] and was sentenced by the trial court to a 10-year prison sentence with exe-

cution stayed on condition that defendant abide by the terms of her probation, which included that she serve time in the workhouse. Defendant raises a number of issues on this appeal from judgment of conviction, specifically, the constitutionality of the statute, the admissibility of certain evidence, the propriety of the prosecutor's closing argument, and the sufficiency of the evidence. We affirm.

■ Defendant's attack on the constitutionality of the statute is based on her belief that the word "induces," as used in the statute, is unconstitutionally vague. We believe that the word is an unambiguous word of common usage and meaning— see, *Batsell v. United States*, 403 F.2d 395, 399 (8 Cir. 1968), certiorari denied, 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785 (1969)— and that people of common intelligence do not have to guess at what it means and do not differ as to its application. See, *State v. Harris*, Minn., 244 N.W.2d 733, 736 (1976).

■ Contrary to defendant's contention, evidence that defendant solicited customers for the victim was properly admitted without a *Spreigl*-type notice under Rule 7.02, Rules of Criminal Procedure. These acts by defendant were part of the immediate criminal episode out of which the charge grew, a continuing episode lasting 5 or 6 days, during which defendant by words and actions induced the victim to practice prostitution on a full-time basis. See, *State v. Spreigl*, 272 Minn. 488, 497, 139 N.W.2d 167, 173 (1965).

■ Defendant also claims that she was prejudiced by the prosecutor's apparently inadvertent elicitation of testimony by the arresting officer which arguably suggested that defendant herself was a prostitute. We do not agree with defendant that the colloquy necessarily suggested that defendant was a prostitute, and in any event there was other properly elicited evidence from

---

1. Minn.St. 609.32, subd. 2, provides in part: "Whoever intentionally does any of the following may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both:

"(1) Solicits or induces another under the age of 18 years to practice prostitution; * *."

which the jury reasonably could infer that defendant indeed was a prostitute. Under the facts of this case, such evidence was not prejudicial.

Defendant further contends that she was prejudiced by the prosecutor's closing argument. Specifically, defendant points to (a) the prosecutor's use of the word "uncontradicted" in reference to the state's evidence, (b) the prosecutor's statement that the presumption of innocence is not evidence, and (c) the alleged expression of personal opinion by the prosecutor.

As we stated in *State v. Jensen*, 308 Minn. 377, 242 N.W.2d 109 (1976), prosecutors should avoid using the word "uncontradicted" when referring to the state's evidence in closing argument because the danger exists that it will improperly suggest to the jury that the defendant has an obligation to call witnesses. While the prosecutor should not have used this expression, we do not believe that in this case it necessarily suggested to the jury that defendant had an obligation to call witnesses, and further, the court made it clear in its instructions that defendant had no such obligation.

The prosecutor's statement that "the presumption of innocence is not evidence" is the opposite of the type of instruction which the United States Supreme Court in *Holt v. United States*, 218 U.S. 245, 253, 31 S.Ct. 2, 6, 54 L.Ed. 1021, 1030 (1910), said had a tendency to mislead, to wit, the statement that the presumption constitutes evidence in favor of the accused. But the fact that this statement is the opposite of one which has been criticized as misleading does not mean it is therefore an accurate statement. We believe that it too is misleading and that the prosecutor, to be fully safe, should try to adhere as closely as possible to the normal statement of the presumption. Justice Mitchell's statement in *State v. Sauer*, 38 Minn. 438, 439, 38 N.W. 355, 356 (1888), still merits consideration by both court and counsel when attempting to explain the presumption of innocence:

> "Where any explanation of what is meant by a reasonable doubt [or the presumption of innocence] is required, it is

safer to adopt some definition which has already received the general approval of the authorities, especially those in our own state."

Defendant's contention that the prosecutor expressed his personal opinion of defendant's guilt has no merit whatever.

Finally, there is no merit to defendant's contention that the evidence was insufficient as a matter of law to support a guilty verdict.

Affirmed.