**Mary Christine MARTIN, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C3–84–230.**

Court of Appeals of Minnesota.

Aug. 14, 1984.

Barry W. McKee, Oak Park Heights, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Catherine E. Avina, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by PARKER, FORSBERG, and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.

Appellant submitted to chemical testing under the implied consent statute, Minn. Stat. § 169.123(2) (Supp.1983), and the test results indicated an alcohol concentration of 0.10 or more. Her drivers license was revoked under Minn.Stat. § 169.123(4) (Supp.1983). Appellant petitioned for judicial review of the revocation under Minn. Stat. § 169.123(5c) (Supp.1983). She contends that the test was required by an officer who did not have reasonable and probable grounds to believe appellant was driving while under the influence of alcohol. The trial court sustained the revocation and this appeal followed.

We affirm.

## FACTS

On November 17, 1983, Deputy Sheriff Joel White of Washington County stopped appellant for speeding. The speed of her car registered 70 m.p.h. on Deputy White's radar equipment.

In order to stop appellant's vehicle Deputy White pulled up on the left side of the vehicle. Appellant did not pull over to the side of the road but stopped in her lane of traffic.

Deputy White approached appellant and asked for her drivers license. In the meantime, another deputy arrived who spoke with a front-seat passenger in the vehicle.

Before appellant could give her license to Deputy White, the other deputy had "a problem" with the passenger and White went to the other officer's assistance. White testified that the passenger was resisting a search by "moving back and forth." Nothing more was said to describe the problem in dealing with the passenger, but he was handcuffed and taken from the scene.

As the two deputies dealt with the passenger, appellant exited her vehicle and approached the officers. White testified: "[I]n my opinion, [appellant] began to interfere with our searching and arresting the passenger." Asked to explain the interference, White said: "[S]he made the comment that if you're going to frisk him, you are going to have to frisk me." She continued towards the officers and White grabbed her and "leaned her over the trunk of her vehicle." White testified appellant at this point "said something I believe to the fact that I had hit her or struck her," and he testified he did not in fact strike her. Appellant was "somewhat excited" at this time and White told her to calm down. After the passenger was handcuffed appellant was also handcuffed and taken to a squad car.

While talking with appellant in the squad car Deputy White said he "detected an odor of alcohol on her breath." He said at this time appellant was alternating between crying or nearly crying and being talkative.

Deputy White testified he was of the opinion that appellant was under the influence of alcohol. He arrested appellant for a DWI offense and proceeded with implied consent testing.

Deputy White had been a police officer for eight and one-half years at the time appellant was arrested and he had substantial experience in dealing with drivers under the influence of alcohol.

The trial court viewed the probable cause issue as "a very close one in this case." During the hearing, the court repeatedly sustained an objection to inadequate foundation for testimony of Deputy White on

appellant's condition, but the court changed its ruling after reading the opinion in *Holtz v. Commissioner of Public Safety*, 340 N.W.2d 363 (Minn.Ct.App.1983). The trial court's decision on probable grounds for the officer's belief was expressly based on the *Holtz* decision.

## ISSUE

Was there adequate evidence to sustain the trial court finding that Deputy White had probable grounds to believe appellant was driving under the influence of alcohol?

## ANALYSIS

Minn.Stat. § 169.123(2)(a) (Supp.1983), part of the implied consent statute, reads in part:

The test shall be administered at the direction of a peace officer. The test may be required of a person when an officer has reasonable and probable grounds to believe the person was driving, operating, or in physical control of the motor vehicle in violation of section 169.121 and one of the [four] following conditions exist: (1) the person has been lawfully placed under arrest for violation of section 169.121 ....

We will not disturb a finding of fact reasonably sustained by the evidence, viewing that evidence in a light most favorable to the finding. In *State v. Olson*, 342 N.W.2d 638 (Minn.Ct.App.1984) we said:

An after-the-fact scrutiny should not take the form of a de novo review. Rather, the duty of the reviewing court is simply to ensure that the officer had a substantial basis for concluding that probable cause existed at the time of invoking the implied consent law.

*Id.* at 641.

The Minnesota Supreme Court has said there is no "mechanical rule" to follow in evaluating the foundation for an officer's opinion on the condition of a driver. *State v. Schneider*, 311 Minn. 566, 249 N.W.2d 720 (1977). Similarly, there is no rule of thumb to be employed in evaluating an officer's probable grounds to proceed under the implied consent law. In *State v. Olson, Id.*, we stated:

There is no formula by which to judge the reasonableness of a given case. Each must be decided on its own facts and circumstances.

*Id.* at 640.

Appellant maintains the trial court employed a mechanical test in evaluating the testimony of Deputy White. This contention has to do with views of the trial court on *Holtz v. Commissioner of Public Safety, Id.,*. We stated in that case:

Many telltale signs of intoxication exist independently or in combination with others. All signs need not be exhibited in every case. In fact, an officer need only have one objective indication of intoxication to constitute reasonable and probable grounds to believe a person is under the influence. *State v. Hicks*, 301 Minn. 350, 222 N.W.2d 345 (1974). See also *State v. Schneider*, 311 Minn. 566, 249 N.W.2d 720 (1977).

*Id.* at 365.

The trial court restated the language of the *Holtz* decision on "one objective indication" and observed that "very little is needed" to determine probable cause in light of that decision.

The *Holtz* decision is misread if it is seen as authority to find probable grounds for implied consent testing whenever one objective indication of intoxication is proven.

The cases cited in the *Holtz* decision establish that there are numerous signs indicating a person is under the influence of intoxicating liquor, and that an opinion on that condition can be reached without presence of all of the signs. *State v. Hicks, Id.*, 222 N.W.2d at 348. *Holtz* confirms that decision and makes it clear that even a single objective indication of intoxication may be sufficient, depending upon the circumstances in each case. Reiterating the quoted language from *State v. Olson, Id.*, it is fundamental that each case must be decided on its own facts and circumstances and without regard to any formula.

Based on a review of the evidence, we conclude that the trial court did not err in its application of the law. Viewing the evidence as we must, it supports a finding that an experienced officer had probable grounds to believe appellant was under the influence of alcohol. He based his belief on the odor of alcohol on appellant's breath, and on the difficulty he encountered with appellant after she was stopped. He also considered a speeding offense and the somewhat unusual action of appellant in stopping her car on the traveled portion of the highway.

### DECISION

Evidence in the case supported the trial court finding of fact.

Affirmed.