**STATE of Minnesota, Respondent,**

v.

**John Dale WILLIAMS, Appellant.**

No. C1–84–1361.

Court of Appeals of Minnesota.

March 19, 1985.

Review Denied May 1, 1985.

## FACTS

The State's evidence showed that between August 1981 and September 1983 appellant sexually abused his stepdaughter, age 11 in 1981, one to four times weekly. The stepdaughter testified that appellant committed digital penetration of her vagina and cunnilingus, masterbated in front of her and had her touch his penis. The incidents occurred in her bedroom, in appellant's pickup truck or in the woods outside the family's home about six miles north of Blackduck. Following his conviction, appellant was sentenced to 43 months imprisonment and following the denial of post-trial motions, appealed.

## ISSUES

1. Did the prosecutor commit prosecutorial misconduct?

2. Was a jury instruction regarding corroboration of complainant's testimony erroneous?

3. Was the complaint vague?

## ANALYSIS

### I.

1. In his opening statement the prosecutor stated:

Mr. Williams is charged with one count of violation of Minnesota law alleging interfamilial [sic] sexual abuse in the first degree. It's kind of a mouthful. I think the more common term that might be used for this would be incest. The complaint alleges that Mr. Williams had a familial relationship, that being stepfather to stepdaughter, with a child, that being [K.G.] and that he engaged in sexual penetration with her defined in terms under the statute and that the acts consisted of multiple acts that occurred over an extended period of time.

Defense counsel moved for a mistrial on the ground that "incest" was not charged and the term was used to inflame the passion of the jury. The trial court denied the mistrial motion and instead gave a curative instruction which read:

Hubert H. Humphrey, III, State Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Thomas Keyes, Beltrami Co. Atty., Bemidji, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant John Dale Williams was convicted by a jury of intrafamilial sexual abuse in the first degree, Minn.Stat. § 609.-3641, subd. 1(2)(e) (1982). On appeal he claims he was denied a fair trial because of prosecutorial misconduct, an erroneous jury instruction, and a vague complaint. We affirm.

In the opening statement by the prosecutor at the commencement of this case, he used the word "incest" as a description of the charge brought by the State against the defendant, he summarized it as being incest. You are instructed that the use of the word incest is in error *·* and there is no allegation or has there been any evidence of such facts and therefore any reference to incest should be ignored by you and should not be allowed in any way to affect your consideration in this case.

■ The prosecutor was using the word "incest" to help the jury understand the general nature of the crime charged. Its use was immediately followed by the allegations of the particular facts. Incest is a separate offense from intrafamilial sexual abuse. *See* Minn.Stat. § 609.365 (1982); *State v. Heidelberger,* 353 N.W.2d 582 (Minn.Ct.App.1984). However, it is also true that the intrafamilial sexual abuse statutes have been commonly referred to as incest statutes. *See State v. Becker,* 351 N.W.2d 923, 924 (Minn.1984). In light of these circumstances and the trial court's curative instruction, any error in the one-time use of the word "incest" by the prosecutor was harmless. *See State v. Caron,* 300 Minn. 123, 127–28, 218 N.W.2d 197, 200 (1974).

■ 2. In his closing argument, the prosecutor stated: ˙

Lastly, there's another principle of law that you will have to consider. It's part of the presumption of innocence is the fact that Mr. Williams has absolutely no obligation to present any evidence in a criminal case. This is the right that we all have. We have a right to remain silent and give evidence in a criminal case. He is presumed innocent. If he had come into this case and the State had presented no evidence or evidence that was not enough to satisfy you beyond a reasonable doubt and the defendant had not given any evidence, then your obligation would be to find him innocent, find him not guilty. He doesn't have to present any evidence. And you are not to take any adverse inference from the defendant's failure to testify. That's an important principle that applies for all of us, it apllies [sic] to Mr. Williams and it's good for other defendants in other criminal cases and it's good for all of us. * * But I say to you, you should convict him because of the evidence that was presented in this case. Again, we've been talking about facts.

Defense counsel objected and his motion for a mistrial was denied. Appellant contends this is an impermissible comment on the failure of appellant to testify. We agree that the prosecutor should never allude to appellant's failure to testify. To do so in most instances justifies a mistrial. However, such comments are not always prejudicial in the sense that they constitute reversible error. In *State v. Schneider,* 311 Minn. 566, 249 N.W.2d 720 (1977), the court, in rejecting a similar claim stated, "[T]he prosecutor's comments were not extensive and he did not stress defendant's silence per se as a basis for conviction. Also, evidence of defendant's guilt was strong. * * * *" *Schneider,* 311 Minn. at 567, 249 N.W.2d at 722. *See State v. Rosen,* 280 Minn. 550, 158 N.W.2d 202 (1968). Here the prosecutor did not argue appellant's silence should be used to convict and did not argue any other adverse inference. *See State v. Hill,* 256 N.W.2d 279, 280 (Minn.1977). Rather, he argued and stressed that appellant's silence was not to be used to convict. Further, the evidence of appellant's guilt was overwhelming. A child protection worker and appellant's wife both testified at trial that appellant admitted to them that he had committed all the sex acts related by the victim and that he said he needed help. Under the circumstances, the prosecutor's remarks are not reversible prosecutorial misconduct.

## II.

■ Over defense objection, the trial court instructed the jury that:

in the prosecution for intrafamilial sexual abuse, it is not necessary that the testimony of the complainant or complaining witness be corroborated.

This statement is consistent with Minn. Stat. § 609.347, subd. 1 (1982), and the case law. *See State v. Ani*, 257 N.W.2d 699, 700 (Minn.1977); *State v. Heinzer*, 347 N.W.2d 535, 538 (Minn.Ct.App.1984). However, appellant claims that since the absence of corroboration in an individual sex crime offense case may result in a holding of insufficient evidence, *see Ani*, 257 N.W.2d at 700, the instruction given was erroneous and diminished the State's burden of proof.

Jury instructions must be construed as a whole and the trial court properly instructed the jury on the burden of proof and the need for the State to prove beyond a reasonable doubt that appellant was guilty. While we agree that the lack of corroboration is an evidentiary matter, not a substantive one, and should not have been included in instructions, we do not believe the jury was confused considering the instructions in their entirety.

### III.

■ The complaint recited that complainant claimed she was abused for several years and "that the activity first started when the family lived in California and had continued after they moved to Minnesota and right up to just before the start of the 1983 school year." The complaint recited that the activity started when complainant was about nine years old and occurred from one to three times a week. In the charging section, appellant was charged with engaging in sexual penetration "over an extended period of time."

Minn.Stat. § 609.3641, subd. 1, provides that

A person is guilty of intrafamilial sexual abuse in the first degree if:

(2) he has a familial relationship to and engages in sexual penetration with a child and:

e. the intrafamilial sexual abuse involved multiple acts over an extended period of time.

■ Appellant here was apprised of the essential facts constituting the offense charged, *State v. Becker*, 351 N.W.2d 923, 926 (Minn.1984), and of a specific time period in which the sexual abuse allegedly occurred. *State v. Eggert*, 358 N.W.2d 156, 160 (Minn.Ct.App.1984). Specific dates need not be alleged, charged or proved, since a particular time is not a material element of the offense. *Id.; see Becker*, 351 N.W.2d at 927. Appellant's claim that the complaint was deficient in not adequately setting forth the time frame the alleged misconduct occurred is without merit. *See State v. Jannetta*, 355 N.W.2d 189 (Minn.Ct.App.1984). Further, appellant was not prejudiced since his defense was fabrication and the dates the incidents were allegedly committed were not material to his defense. *State v. Bird*, 292 N.W.2d 3, 4 (Minn.1980); *see State v. Hagen*, 361 N.W.2d 407 (Minn.Ct.App.1985).

### IV.

Appellant's pro se assertion that he is entitled to relief because of "threats" made against a defense witness by complainant's grandmother and statements made by complainant's mother to another defense witness is without merit.

### DECISION

Appellant's conviction for intrafamilial sexual abuse in the first degree is affirmed.

Affirmed.