**STATE of Minnesota, Respondent,**

v.

**LeRoy BROWN, Appellant.**

**No. C5-84-1976.**

Court of Appeals of Minnesota.

May 21, 1985.

Review Denied July 11, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

Appellant LeRoy Brown was charged with criminal sexual conduct in the first degree, Minn.Stat. § 609.342(d) (1982), aggravated robbery, Minn.Stat. § 609.245 (1982), and burglary in the first degree, Minn.Stat. § 609.582 (1982), for robbing and raping a Minneapolis woman in her apartment. In closing argument, the prosecutor argued that defense counsel's attempt at criticizing the police investigation was a "smoke screen" and a "non-issue." After jury deliberations, the jury sent back a note asking whether they could "convict on the testimony of the victim only and solely in a case such as rape?" The trial court, following discussion with counsel, answered "yes, you may, but only if you find that the State has proved the Defendant's guilt beyond a reasonable doubt." Reasonable doubt instructions were then reread to the jury. Brown was convicted as charged and sentenced to concurrent terms of 132 months and 97 months for criminal sexual conduct and first degree burglary; no sentence was imposed for the aggravated robbery conviction pursuant to Minn.Stat. § 609.035 (1982).

### DECISION

■ 1. Brown's contention that the trial court's response to the jury instruction was a misstatement of law and distortion of the burden of proof is without merit. The trial court's response was consistent with Minn.Stat. § 609.347, subd. 1 (1982). *See State v. Williams*, 363 N.W.2d 911 (Minn.Ct.App.1985) (jury instruction that testimony of complainant in sexual assault need not be corroborated not reversible error where jury was properly instructed on the burden of proof).

■ 2. Brown's contention that the prosecutor demeaned defense counsel in closing argument is without merit. Moreover, because no objection was made at the time, Brown forfeited his right to have this

issue considered on appeal. *State v. Whisonant,* 331 N.W.2d 766, 769 (Minn.1983).

Affirmed.