STATE of Minnesota, Appellant,

v.

Duane Erwin MATHEWS, Respondent.

No. CX–86–1685.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Review Denied April 17, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Pete Kasal, McLeod Co. Atty., Glencoe, for appellant.

C. Paul Jones, State Public Defender, Cathryn Y. Middlebrook, Asst. Public Defender, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

This is a pretrial appeal by the State from a trial court order dismissing a grand jury indictment against respondent Duane Erwin Mathews for arson in the first degree, Minn.Stat. § 609.561 (1984). We reverse.

## FACTS

Duane Mathews was the vendee on a contract for deed of the Copper Still Bar in Plato, Minnesota. The bar was destroyed by two separate fires on August 5 and August 8, 1985. A grand jury was impaneled to inquire into the cause of the fire, and on January 29 they indicted Mathews for arson.

As part of his opening remarks the prosecutor told the grand jury:

> I have prepared a tentative schedule for witnesses. Tentative because sometimes people do not show up exactly when they are supposed to. We try to subpoena everyone and get them here at a particular time. This is the schedule I have. There may be small variations and this will run like this hopefully.

He listed the scheduled witnesses and then continued:

> That concludes it. I bring up one question that I'm sure will come up, that we have not subpoenaed Mr. Mathews. I will give you my reason for that and *it should not be part of your considerations,* but it is an area that has to be touched upon. Mr. Mathews is the owner of the bar and, of course, logically

some attention would be focused on him. He was also present at the first fire. In this case, I have sent an invitation to him to come before the Grand Jury, that is, asked him to come, *but he is not compelled to be here.* I do not know if he will come or not. He has not contacted me, but the invitation just came out. But I'll put him on for Wednesday morning because that is when he has been invited to come and talk. He has not been subpoenaed.

Now, *don't take that into consideration and don't draw any conclusions from that.* It is just one of those things. He has been invited and has not gotten back to me yet.

Anybody have any questions? I know this goes quickly. If you have any questions, ask. If you are confused, believe me, I understand that. You have had a crash course in Grand Juries in the last hour and a half. The only question that is a dumb question is the one not asked."

In his final remarks to the grand jury, the prosecutor stated:

I would ask in your deliberations that you make your determination on the evidence produced here. I would ask that you not speculate on the evidence that was not produced or things that you may think are important that there were no evidence or documents on it. Make your decision based on what you heard and saw in this courtroom, not on what was not produced.

*If a particular witness did not appear, do not take that into consideration. That is perfectly a legal right for anyone not to appear if they have been invited. That should not be part of your deliberations.* If you take it into consideration, the next panel of jurors, petit jury, will be asked to consider would not be able to take that factor into

consideration. So it would be unfair for you to take that into consideration. (Emphasis added).

Mathews moved to dismiss the indictment on a number of grounds, all of which were rejected by the trial court except one. The trial court dismissed the indictment because "[t]he prosecutor's opening statement to the grand jury regarding the defendant's invitation to appear and testify compels dismissal of the indictment." The trial court stated that even though the prosecutor did not intend to improperly suggest that the defendant had an obligation to present evidence, that was undoubtedly the effect of the opening statement.

## ISSUE

Did the trial court clearly err in dismissing the indictment because of the prosecutor's improper comments on respondent's fifth amendment rights?

## ANALYSIS

■ Mathews initially contends that the State does not have a right to appeal this dismissal. However, a dismissal of an indictment is not excepted from the permissible prosecutorial appeals under Minn.R. Crim.P. 28.04, subd. 1(1).[1] *See State v. Grose,* 387 N.W.2d 182 (Minn.Ct.App.1986). The issue is whether the trial court clearly erred in dismissing the indictment. *Id.* at 187.

■ In *Grose* we dealt with a similar issue. There, before the grand jury, on at least seven occasions the prosecutor referred to the fact that the respondent refused to testify. We quoted with approval the trial court's following statements:

*The American Bar Ass'n Standards for Criminal Justice* 3.5(b) state a prosecutor should not make statements in an effort to influence grand jury action which would be impermissible at trial

---

1. Minn.R.Crim.P. 28.04, subd. 1, states:
   The prosecuting attorney may appeal as of right to the Court of Appeals:
   (1) In any case, from any pretrial order of the trial court except an order dismissing a

complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn.Stat. § 631.21;
\*   \*   \*   \*   \*   \*

before a petit jury. *See also State v. Streeter,* 377 N.W.2d 498 (Minn.Ct.App. 1985) and *State v. Williams,* 363 N.W.2d 911 (Minn.Ct.App.1985), which both indicate that a prosecutor should never allude to defendant's failure to testify. If the prosecutor were merely to answer a single question of a grand juror and remind them that the defendant's silence cannot be used to indict, there would be no error. However, the repetitive nature of the comments of the prosecutor in this case could serve no purpose other than to inflame the prejudice of the jury against an accused. Repetitious and irrelevant comments which have a prejudicial effect upon the grand jury are improper and are prohibited by the *Code of Professional Responsibility,* DR 7–106(c)(1)(2).

*Id.* We also stated in *Grose:*

It has long been settled that an individual's constitutional privilege against self-incrimination extends to refusal to take the stand before a grand jury. *State v. Gardner,* 88 Minn. 130, 138, 92 N.W. 529, 533 (1902). A petit jury clearly may not be informed of the defendant's invocation of the privilege against self-incrimination. *Griffin v. California,* 380 U.S. 609, 615 [85 S.Ct. 1229, 1233, 14 L.Ed.2d 106] (1965).

*Id.*

In this case it is questionable if the prosecutor's statements were improper because it is difficult to understand how they suggested Mathews had an obligation to present evidence. The thrust of the remarks was that the grand jury was *not* to consider the possible failure of Mathews to testify. The grand jury was specifically cautioned not to take into consideration Mathews' absence or that he was invited to appear. *See State v. Williams,* 363 N.W.2d 911 (Minn.Ct.App.1985).

Even if the remarks were improper, they were brief and isolated references. Given the context of the remarks (dealing with schedules of the witnesses), it is difficult to believe Mathews was prejudiced in any way. The limited and relatively innocuous remarks could not have caused bias in the grand jury's vote. The remarks did not rise to the level of misconduct required to dismiss a grand jury indictment. *See State v. Caron,* 300 Minn. 123, 218 N.W.2d 197, 200 (1974).

## DECISION

The trial court clearly erred in dismissing the grand jury indictment.

Reversed.